UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2007 SEP 14  PM 3: 37

CLERK

BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| CENTURY INTERNATIONAL ARMS, INC. and CENTURY ARMS, INC., | ) ) | |
| Plaintiffs | ) ) | Docket No. 1:07-CV-200 |
| v. | ) ) | |
| ROBERT SPOTTS, | ) ) | |
| Defendant | ) | |

## VERIFIED COMPLAINT AND JURY DEMAND

Plaintiffs Century International Arms, Inc. and Century Arms, Inc. (collectively, "Century"), by their attorneys, Gravel and Shea, for their Verified Complaint against Defendant Robert Spotts ("Spotts") allege as follows:

## NATURE OF ACTION

1.      In an outrageous violation of the Electronic Communications Privacy Act (18 U.S.C. § 2510, *et. seq.*) and in breach of the parties' settlement of prior litigation before this Court, Spotts, a former officer and employee of Century, has been intercepting the company's e-mail (including attorney-client communications and other highly confidential information) through an illegal software "backdoor" he secretly planted some 10 months ago.

2.     Century seeks immediate and permanent injunctive relief, as well as compensatory damages, punitive damages, statutory damages, costs, attorneys' fees and such other and further legal and equitable relief as is just and proper.

## PARTIES

3.     Plaintiffs Century International Arms, Inc. and Century Arms, Inc. are affiliated corporations organized under the laws of the State of Vermont, with a principal place of business in Georgia, Vermont.  Century is one of the largest importers/exporters of surplus firearms and accessories in the United States.

4.     On information and belief, Defendant Robert Spotts ("Spotts") is a resident of the State of New Jersey, with an address of 37 Twig Lane, Willingboro, New Jersey.  Spotts had been an employee of Century until his termination for cause.

## JURISDICTION AND VENUE

5.     The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq.*  The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTS

7.     Spotts was an employee of Century, and served as the company's Chief Information Officer and IT Manager in Vermont, until he was terminated for cause on November 14, 2006.

-2-

8.      Shortly before his termination, Spotts announced that he had planted a software "time bomb" at Century, which was set to disable the company's computer system on December 22, 2006.  As a result, on December 20, 2006, Century commenced an action in this Court entitled *Century Int'l Arms, Inc., et al. v. Spotts*, 1:06-cv-252 (JGM), and sought emergency injunctive relief.  Spotts raced to the courthouse and – just before Century filed its complaint – filed his own complaint for copyright infringement and wrongful termination.  *See Spotts v. Century Int'l Arms, Inc., et al.*, 1:06-cv-250 (JGM).

9.      By Temporary Restraining Order dated December 21, 2006 (the "TRO"), this Court directed Spotts to "disable and dismantle any and all software 'time bombs,' 'logic bombs,' *or other malicious code, viruses or devices that he placed or caused to be placed on Plaintiffs' computer system.*"  (Emphasis added.)  A copy of the TRO is annexed hereto as **Exhibit 1.**

10.     By Order of Preliminary Injunction dated January 3, 2007 (the "PI"), this Court directed Spotts to "submit an affidavit to the Court . . . concerning whether he possesses any of Plaintiffs' property."  Pursuant to the PI, Spotts filed with the Court an affidavit dated January 10, 2007 (the "Affidavit") stating: "I do not have any tapes or other materials that belong to Century."  Copies of the PI and Affidavit are annexed hereto as, respectively, **Exhibit 2** and **Exhibit 3**.

11.     The Court directed the parties to engage in expedited mediation, after which the parties settled by signing a Settlement Agreement, Software License Agreement (the "SLA") and stipulated dismissal.  The Settlement Agreement did not release future wrongful acts or

-3-

GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

"breaches of the express terms of this Settlement Agreement or the Software License

Agreement."

12.     Pursuant to the SLA, Spotts granted Century an unlimited license to use all

"Intellectual Property" that he created while employed at Century, including all "software . . .

processes, [and] formulas . . . made, created, developed or reduced to practice." In addition,

Spotts expressly represented and warranted that:

> The Intellectual Property is free and clear of threats known as
> software viruses, time or logic bombs, Trojan horses, worms, timers
> or clocks, trap doors, back doors, disabling codes, or other malicious
> computer instructions, devices or techniques that can or were
> designed to erase data or programming, or in any way infect, disrupt,
> damage, disable, shut down, or render inoperable the Software
> (including, without limitation, any program, routine, subroutine or
> functionality thereof), a computer system or any component of a
> computer system.

13.     Notwithstanding the foregoing, Spotts had placed in the company's computer

system a piece of malicious computer code called a "backdoor," which is a device designed to

provide intruders easy access to otherwise secure computers without detection. According to the

program code, the backdoor was planted in the system on November 1, 2006. *See* **Exhibit 4**.

14.     Spotts programmed a backdoor device known as a ". forward file," which he

planted on Century's Unix server inside the user directory of Larry Stern, Vice President for

Corporate and Governmental Affairs for the company. The backdoor intercepts and forwards to

Spotts, at "rspotts@comcast.net," all of Mr. Stern's incoming e-mails. *See* **Exhibits 4, 5**.

15.     Mr. Stern is responsible for, among other things, coordinating Century's risk

management practices as well as the company's litigation, intellectual property, and regulatory

GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

matters. Thus, e-mails to Mr. Stern routinely include, and since November 2006 did in fact include, a wide variety of confidential and proprietary information, such as: (i) attorney work product and attorney-client privileged communications – including specific legal advice and strategy – conveyed throughout the prior action against Spotts; (ii) confidential business information, corporate strategy and trade secrets; and (iii) corporate and personal information, including tax, credit card and insurance documents listing, *inter alia*, Mr. Stern's, his wife's and his daughter's social security numbers and dates of birth.

16.    Spotts was not authorized to intercept Mr. Stern's e-mail.

17.    In fact, as a result of a prior transgression while working at Century, Spotts was specifically told by Mr. Stern that he had no permission or authority to access or maintain copies of Mr. Stern's e-mail.

18.    To date, Spotts has intercepted thousands of private e-mail messages sent to Larry Stern's e-mail account at Century since November 1, 2006.  These e-mail communications include trade secrets, information protected under the attorney-client privilege and the work product doctrine, and extensive amounts of other confidential corporate and personal information.

COUNT I
Electronic Privacy Communications Act, 18 U.S.C. §§ 2510, *et seq.*

19.    Century repeats and reavers each and every one of the foregoing allegations as though fully set forth herein.

-5-

GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

20.     Through the use of an "electronic, mechanical, or other device" – *viz.*, his ".forward file" backdoor – Spotts has intentionally intercepted and endeavored to intercept electronic communications to Century by acquiring these electronic communications while in transmission, in violation of 18 U.S.C. § 2511(1)(a).

21.     Upon information and belief, Spotts has intentionally disclosed and endeavored to disclose the contents of electronic communications to Century while knowing that the information was obtained through the interception of an electronic communication in violation of 18 U.S.C. § 2511(1), thereby violating 18 U.S.C. § 2511(1)(c).

22.     Upon information and belief, Spotts has intentionally used or endeavored to use the contents of electronic communications to Century while knowing that the information was obtained through the interception of an electronic communication in violation of 18 U.S.C. § 2511(1), thereby violating 18 U.S.C. § 2511(1)(d).

23.     As a result of the foregoing, Century has been irreparably harmed and has suffered damages in an amount to be determined at trial.

## COUNT II
## Breach of Contract and Duty of Good Faith and Fair Dealing

24.     Century repeats and reavers each and every one of the foregoing allegations as though fully set forth herein.

25.     In the SLA, Spotts expressly agreed, represented and warranted that all intellectual property licensed to Century was free of backdoors and other malicious computer instructions.

-6-

GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

26.     Spotts has breached the SLA and the duty of good faith and fair dealing by including in the intellectual property a secret backdoor program which forwards e-mails to his personal account.

27.     As a result of the foregoing, Century has been irreparably harmed and has suffered damages in an amount to be determined at trial.

28.     The SLA provides: "The substantially prevailing party in any action to enforce this Agreement shall be awarded its costs and reasonable attorneys' fees incurred therein."

## JURY DEMAND

**Plaintiffs demand a trial by jury on all issues so triable.**

WHEREFORE, Plaintiffs demand judgment as follows:

(a)     on Count I, awarding Plaintiffs:

  (i)     the greater of compensatory or statutory damages pursuant to 18 U.S.C. § 2520(c)(2)(B), but in no event less than the greater of $100 a day for each violation or $10,000;

  (ii)    punitive damages pursuant to 18 U.S.C. § 2520(b)(2) in an amount to be determined at trial; and

  (iii)   reasonable attorneys' fees and other litigation costs pursuant to 18 U.S.C. § 2520(b)(3);

(b)     on Count II, awarding Plaintiffs:

  (i)     compensatory damages in an amount to be determined at trial; and

  (ii)    reasonable attorneys' fees pursuant to the SLA;

(c)     entering preliminary and permanent injunctive relief, pursuant to 18 U.S.C. § 2520(b)(1) and the Court's equitable powers, directing Defendant to disclose and dismantle any and all malicious code or devices that he

-7-

GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

placed or caused to be placed on Plaintiffs' computer systems, including, without limitation, any ".forward file" or other "back doors" or code resulting in the forwarding of or access to Plaintiffs' data, files or e-mail communications to Spotts, those acting in concert with him, or any other third party;

(d)     entering preliminary and permanent injunctive relief, pursuant to 18 U.S.C. § 2520(b)(1) and the Court's equitable powers, restraining and enjoining Defendant from (i) placing or causing to be placed any code or devices on Plaintiff's computer systems, (ii) disclosing, distributing or using any information acquired through interception of Plaintiffs' e-mails (including, without limitation, any information acquired from e-mails to or from lstern@centuryarms.com), and directing Defendant to surrender all such information (and all copies thereof) to Century; and

(e)     such other and further legal and equitable relief that is deemed just and proper.

Dated:        September 14, 2007
              Burlington, Vermont

              _____
              Andrew D. Manitsky, Esq.
              Ross A. Feldmann, Esq.
              Gravel and Shea
              76 St. Paul Street
              P.O. Box 369
              Burlington, VT 05402-0369
              802-658-0220
              For Plaintiffs

-8-

## VERIFICATION

I, Howard Sucher, am the Vice President of Marketing for Century International Arms, Inc., and make this verification in the official performance of my duties and with specific authorization of both Century International Arms, Inc. and Century Arms, Inc. to do so. I have read this Complaint and its contents. I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the matters stated in this Complaint are true to the best of my knowledge, information and belief.

Dated:  September 14, 2007

_____
Howard Sucher